UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11631 EFH

| | |
|---|---|
| SOVEREIGN BANCORP, INC.; SOVEREIGN BANK; SEACOAST FINANCIAL SERVICES CORP; and COMPASS BANK FOR SAVINGS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN H. HARLAND COMPANY,<br><br>Defendant, | CIVIL ACTION NO.:<br><br>RECEIPT # 57482<br>AMOUNT $<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>MAGISTRATE JUDGE Alexander<br>NOTICE OF REMOVAL DATE |

TO:   Civil Clerk's Office, United States District Court
      District of Massachusetts, U.S. Courthouse
      Boston, Massachusetts 02110;

Superior Court Clerk, Superior Court Department of the Trial Court
Bristol County, Massachusetts, 441 County Street, New Bedford, Massachusetts 02740

John W. Steinmetz, Esq.
Robinson & Cole LLP
One Boston Place, Boston, MA 02180

Defendant John H. Harland Company ("Harland"), by its undersigned attorneys and pursuant to 28 U.S.C. § 1446, gives notice that it hereby removes the above-captioned case presently pending in the Superior Court Department of the Trial Court of Bristol County, Commonwealth of Massachusetts, which bears Civil Action No. 2004-732, to the United States District Court for the District of Massachusetts.

Removal is authorized by 28 U.S.C. § 1441 and is based upon the United States District Court's original jurisdiction over the case pursuant to 28 U.S.C. § 1332, because it is a civil

action where the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. In support of this Notice, Harland states the following:

## NOTICE OF REMOVAL IS TIMELY

1. On July 1, 2004, plaintiffs Sovereign Bancorp, Inc. ("Sovereign Bancorp"), Sovereign Bank, Seacoast Financial Services Corp ("Seacoast"), and Compass Bank for Savings ("Compass") (collectively "Plaintiffs") filed a complaint against Defendant Harland in the Commonwealth of Massachusetts, The Trial Court, Bristol, SS., Superior Court Department under Civil Action No.: 2004-732. Consistent with 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other papers served on Defendant Harland or on file with the Bristol Superior Court are attached as Exhibit 1 to this Notice of Removal.

2. Defendant received the summons and complaint by certified mail, on July 2, 2004. No further proceedings have occurred in the Massachusetts Superior Court action. To date, Harland has not filed any responsive pleading, and Harland specifically reserves any and all rights to assert any and all defenses and counterclaims to Plaintiffs' Complaint.

3. This Notice of Removal is being filed with this Court within thirty (30) days after receipt of the Complaint and Summons by Harland.

## DIVERSITY OF CITIZENSHIP EXISTS

4. Upon information and belief, Plaintiff Sovereign Bancorp is a Pennsylvania corporation headquartered at 2000 Market Street, Philadelphia, Pennsylvania.

5. Upon information and belief, Plaintiff Sovereign Bank is a federally chartered savings bank with a principal place of business at 1130 Berkshire Boulevard, Wyomissing, Pennsylvania.

6. Upon information and belief, Plaintiff Seacoast is a Massachusetts corporation with a principal place of business at Once Compass Place, New Bedford, Massachusetts.

7. Upon information and belief, Plaintiff Compass is a bank organized under the laws of the Commonwealth of Massachusetts, with offices located at Once Compass Place, New Bedford, Massachusetts.

8. Defendant Harland is a Georgia Corporation with a principal place of business at 2939 Miller Road, Decatur, Georgia.

9. As demonstrated above in paragraphs 4 through 8 of this Notice of Removal, all Plaintiffs, upon information and belief, are of diverse citizenship from Defendant Harland, as required by 28 U.S.C. §1332(a). Furthermore, Defendant Harland is not a citizen of the state in which this action was brought. *See* 28 U.S.C. §§ 1332(c)(1) and 1441(b). Complete diversity existed on the date this action was filed and complete diversity continues to exist as of the filing of this Notice of Removal.

## AMOUNT IN CONTROVERSY SATISFIED

10. The amount in controversy as alleged on the face of the Complaint far exceeds $75,000, exclusive of interest and costs. While Plaintiffs' Complaint fails to identify a specific demand for a set sum, they seek a declaration that "Harland's demand for millions of dollars from Plaintiffs based on Sovereign's check product requirements is unfounded, and in bad faith, and was made for the purpose of wrongfully compelling Sovereign to pay millions of dollars not due under the Checks Agreement," and seek an order declaring that Plaintiff Compass's obligations under the Checks Agreement have been discharged "with no amounts due or owing to Harland for the period after the breach." *Compl.* ¶¶ 18, 20. Furthermore, Plaintiffs seek unspecified actual damages, trebled damages, and attorney's fees. Given these allegations, the

amount in controversy clearly exceeds $75,000. Defendant denies that Plaintiffs are entitled to any relief under any of their asserted claims.

11. Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-styled state court action to this Court is proper.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed concurrently with the Commonwealth of Massachusetts, The Trial Court, Bristol, SS., Superior Court Department, and notice also is being provided to Plaintiffs.

13. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, this Court has jurisdiction under 28 U.S.C. 1332(a), based on diversity of citizenship between Plaintiffs and Defendant, and removal under 28 U.S.C. §1441 is proper.

JOHN H. HARLAND COMPANY
By its attorneys,

_[signature]_

Bruce E. Falby (BBO# 544143)
Steven J. Buttacavoli (BBO# 651440)
PIPER RUDNICK LLP
One International Place,
21st Floor
Boston, Massachusetts
02110-2600
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Dated: July 22, 2004

## CERTIFICATE OF SERVICE

I, Steven J. Buttacavoli, hereby certify that I have on July 22, 2004 served a copy of the foregoing NOTICE OF REMOVAL on counsel of record for all parties by depositing a copy of same in the U.S. Mail, with adequate postage affixed thereto, addressed as follows:

>Steven B. Rotman
>John W. Steinmetz
>Paula S. Bliss
>ROBINSON & COLE LLP
>One Boston Place
>Boston, Massachusetts 02108

_____
Steven J. Buttacavoli

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.    SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION

[SEAL]   SOVEREIGN BANCORP, INC.,    No. 2004-732
SOVEREIGN BANK; SEACOAST
FINANCIAL SERVICES CORP., AND
COMPASS BANK FOR SAVINGS_____, Plaintiff(s)

v.

JOHN H. HARLAND COMPANY_____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY : TORT/CONTRACT
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ..John W. Steinmetz,......

plaintiff's attorney, whose address is ..Robinson & Cole LLP, One Boston Place, Boston MA 02108
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..Bristol.................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trail Court, at Taunton, the.......1st....................day of....July..................., in the year of our Lord two thousand and ....four................

*[signature]* Esq.
Magistrate

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24



COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

BRISTOL, SS.                                       SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO. 2004-732

SOVEREIGN BANCORP, INC.;      )
SOVEREIGN BANK; SEACOAST      )
FINANCIAL SERVICES CORP.;     )
and COMPASS BANK FOR          )
SAVINGS,                      )
                              )
    Plaintiffs,             )
                              )
v.                            )
                              )     COMPLAINT
JOHN H. HARLAND COMPANY,      )
                              )
    Defendant.              )
_____)

BRISTOL, SS SUPERIOR COURT
FILED
JUL 1 2004
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## INTRODUCTION

Plaintiff Sovereign Bancorp, Inc. ("Sovereign") has agreed to acquire Plaintiff Seacoast Financial Services Corp. ("Seacoast") pursuant to an Agreement and Plan of Merger (the "Merger"), and Plaintiff Compass Bank For Savings ("Compass"), the wholly-owned subsidiary of Seacoast, will be merged into Plaintiff Sovereign Bank ("Sovereign Bank"), the wholly-owned subsidiary of Sovereign. In connection with the Merger, Defendant John H. Harland Company ("Harland") has sought to wrongfully compel Sovereign to pay millions of dollars to Harland by claiming improperly that an agreement between Compass and Harland (the "Checks Agreement") requires Sovereign to purchase all of its check product requirements from Harland through June 30, 2007. Plaintiffs bring this action to seek a declaration pursuant to M.G.L. c. 231A regarding the enforceability and terms of the Checks Agreement, as well as multiple damages and attorneys' fees for

Harland's unfounded, bad faith demands and tortious interference with Plaintiffs' advantageous business relations.

## PARTIES

1. Plaintiff Sovereign is a Pennsylvania corporation headquartered at 2000 Market Street, Philadelphia, Pennsylvania.

2. Plaintiff Sovereign Bank is a federally-chartered savings bank with a principal place of business at 1130 Berkshire Blvd., Wyomissing, Pennsylvania. At all times relevant herein, Sovereign Bank was a wholly owned subsidiary of Sovereign.

3. Plaintiff Seacoast is a Massachusetts corporation with a principal place of business at One Compass Place, New Bedford, Massachusetts. At all relevant times herein, Seacoast was the parent corporation of Compass.

4. Plaintiff Compass is a bank organized under the laws of the Commonwealth of Massachusetts, with offices located at One Compass Place, New Bedford, Massachusetts.

5. Defendant John H. Harland Company is a Georgia corporation with a principal place of business at 2939 Miller Road, Decatur, Georgia. At all times relevant hereto, Harland was in the business of manufacturing and distributing personal and business check products, as well as other accessories, to the banking industry.

## FACTS COMMON TO ALL COUNTS

6. Compass and Harland entered into the Checks Agreement on or about October 7, 2002, and are the only parties to the Checks Agreement. The Checks Agreement was accepted and signed by Compass in Massachusetts, and involves the sale and delivery of check products into Massachusetts. Sovereign and Sovereign Bank are not parties to the Checks Agreement.

2

7. Under the Checks Agreement, Compass agreed to "purchase from Harland all of *its* requirements" for certain check products through June 30, 2007. (Emphasis added.) Sovereign never made any such agreement with Harland with respect to its check product requirements. Indeed, Sovereign Bank is under contract with another check products provider with respect to its check products requirements.

8. Sovereign and Seacoast entered into an Agreement and Plan of Merger dated as of January 26, 2004, as amended by Amendment to Agreement and Plan of Merger made April 12, 2004 (the "Merger Agreement").

9. Pursuant to the Merger Agreement, Seacoast will be merged with and into Sovereign, and Compass will be merged with and into Sovereign Bank. After the Merger is completed, Seacoast and Compass will cease to exist.

10. The Merger is scheduled to close on July 23, 2004.

11. Although it is not a party to the Checks Agreement, Sovereign Bank agreed to discuss the Checks Agreement with Harland in connection with the Merger. For purposes of these discussions, Harland and Sovereign Bank entered into a Confidentiality Agreement dated April 14, 2004 so that Sovereign Bank could review and discuss with Harland the confidential information, if any, contained in the Checks Agreement.

12. As part of its discussions with Harland, Sovereign Bank informed Harland that the operating systems of the former Compass Bank would be converted into the operating systems of Sovereign Bank on or about October 15, 2004, and inquired whether Harland could supply check products for the former Compass customers until that date.

3

13. Sovereign Bank offered in good faith to negotiate a buy out of the Checks Agreement based upon the terms of the Checks Agreement as they relate to the Compass branch offices subject to the Checks Agreement.

14. On or about June 9, 2004, Sarah King Bowen, Harland's Vice President and General Counsel, sent Sovereign a letter demanding that Sovereign (i) purchase all of *Sovereign's* check product requirements from Harland through June 30, 2007, or (ii) pay Harland millions of dollars to be released from the Checks Agreement based upon *Sovereign's* check product requirements through June 30, 2007. Further, the letter implies that if Sovereign makes additional bank acquisitions, Sovereign will be compelled to require that the additional acquired banks obtain all their check products from Harland, or Sovereign will have to pay Harland additional "Buyout Amounts."

15. The Checks Agreement, by its terms, does not require Sovereign to purchase *Sovereign's* check product requirements from Harland. The Checks Agreement is limited to the check product requirements for the Compass branch offices subject to the Checks Agreement.

16. None of the Plaintiffs ever agreed that the Checks Agreement would require Sovereign to purchase *Sovereign's* check product requirements from Harland. Compass agreed only that Compass branches would purchase check products from Harland.

## COUNT I
(Declaratory Relief Pursuant to M.G.L. c. 231A –
Harland's Bad Faith Demand)

17. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 16 as if fully set forth at length herein.

4

18. Harland's demand for millions of dollars from Plaintiffs based upon Sovereign's check product requirements is unfounded, and in bad faith, and was made for the purpose of wrongfully compelling Sovereign to pay millions of dollars not due under the Checks Agreement.

19. Harland's bad faith demand constitutes a breach of its duty of good faith and fair dealing under the Checks Agreement, and discharges Compass's obligations under the Checks Agreement.

20. As there is an actual controversy between Plaintiffs and Harland with respect to the enforceability of the Checks Agreement, Plaintiffs respectfully request that this Court declare pursuant to M.G.L. c. 231A that Harland's breach of the duty of good faith and fair dealing discharges Compass's obligations under the Checks Agreement with no amounts due or owing to Harland for the period after the breach.

**COUNT II**
**(Declaratory Relief Pursuant to M.G.L. c. 231A –**
**Amount Owed, If Any, Is Limited to Compass Unearned Discounts)**

21. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 20 as if fully set forth at length herein.

22. Harland has no right to recover under the Checks Agreement for the reasons set forth in Count I, *supra*.

23. If, however, the Court were to find that Compass's obligations under the Checks Agreement have not be discharged (which Plaintiffs dispute for each of the reasons set forth in Count I, *supra*), the amount owed to Harland is limited under the Checks Agreement to the unearned discounts granted to Compass, which shall be the aggregate difference between the wholesale prices actually charged to Compass and Harland's list

prices. The total amount of these discounts is far less than the millions of dollars sought by Harland.

24. The Checks Agreement requires Compass to "purchase from Harland all of *its* requirements" for certain check products through June 30, 2007. (Emphasis added.)

25. The Checks Agreement provides that neither Harland nor Compass shall be liable for "special, indirect, consequential or punitive damages" under the Checks Agreement, and Harland is not entitled to any damages in excess of the unearned discounts actually granted to Compass under the Checks Agreements.

26. Sovereign is not a party to the Checks Agreement.

27. None of the Plaintiffs ever agreed that Sovereign would be required to purchase Sovereign's check product requirements from Harland.

28. The Checks Agreement does not require Sovereign to purchase Sovereign's check product requirements from Harland.

29. Thus, if the Court were to find that the Checks Agreement is enforceable by Harland, the amount owed to Harland under the Checks Agreement is limited to the unearned discounts actually granted to Compass.

30. As there is an actual controversy between Plaintiffs and Harland with respect to the amounts, if any, due under the Checks Agreement, Plaintiffs respectfully request that this Court declare pursuant to M.G.L. c. 231A that the amounts due, if any, shall not exceed the unearned discounts actually granted to Compass.

## COUNT III
### (Tortious Interference With Advantageous Relations)

31. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 30 as if fully set forth at length herein.

32. Harland's outrageous demand for millions of dollars from Plaintiffs based upon Sovereign's check product requirements constitutes tortious interference with the Plaintiffs' advantageous business relations.

33. Plaintiffs have a business relationship of economic benefit.

34. Harland has knowledge of Plaintiffs' business relationship.

35. Harland intentionally and improperly interfered with Plaintiffs' business relationship through its unfounded, bad faith demand for millions of dollars not due under the Checks Agreement.

36. Harland's improper conduct has interfered with Plaintiffs' business relationship, and has caused Plaintiffs to suffer money damages.

## COUNT IV
### (Unfair and Deceptive Trade Practices, M.G.L. c. 93A, §§ 2, 11)

37. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 36 as if fully set forth at length herein.

38. Harland is a business engaged in trade or commerce.

39. In seeking millions of dollars from Plaintiffs under the Checks Agreement, Harland engaged in unfair and deceptive trade practices prohibited by M.G.L. c. 93A, §§2 and 11 as Harland's demand in this regard is unfounded and made in bad faith for the purpose of wrongfully compelling Sovereign to pay Harland significant sums of money not due under the Checks Agreement.

40. Harland's unfair and deceptive trade practices were willful and knowing.

41. As a result of Harland's unfair and deceptive trade practices in violation of M.G.L. c. 93A, Plaintiffs have suffered money damages.

WHEREFORE, Plaintiffs demand judgment:

a. Adjudging and declaring that Harland breached the duty of good faith and fair dealing under the Checks Agreement, and thereby discharged Compass's obligations under the Checks Agreement;

b. In the event this Court declines to declare that Compass's obligations under the Checks Agreement have been discharged (which Plaintiffs dispute), adjudging and declaring that (i) the Checks Agreement does not require Sovereign to purchase its check product requirements from Harland, and (ii) the Checks Agreement applies only to those bank branches operated by Compass prior to the Merger that are subject to the Checks Agreement, and that pursuant to the Checks Agreement, Compass is liable to Harland for only the unearned discounts actually granted to Compass;

c. Adjudging and declaring that Harland tortiously interfered with Plaintiffs' advantageous relations, and awarding Plaintiffs their actual damages;

d. Adjudging and declaring that Harland violated M.G.L. c. 93A, and awarding Plaintiffs three times their actual damages and their costs and reasonable attorneys' fees;

e. Awarding Plaintiffs such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs claim a jury trial on all claims and issues so triable.

Respectfully submitted,

SOVEREIGN BANCORP, INC.;
SOVEREIGN BANK; SEACOAST
FINANCIAL SERVICES CORP.; and
COMPASS BANK FOR SAVINGS,

By their attorneys,

_____
Steven B. Rotman (BBO# 558473)
John W. Steinmetz (BBO# 568108)
Paula S. Bliss (BBO# 652361)
ROBINSON & COLE LLP
One Boston Place
Boston, Massachusetts 02108
(617) 557-5900
(617) 557-5999 – FAX

Dated: July 1, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Sovereign Bancorp, Inc., et al.__
   __v. John H. Harland Company__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04 11631 EFH

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES       (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES       NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)       NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)       CENTRAL DIVISION       WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Steven Buttacavoli__
ADDRESS __One International Place, 21st Floor, Boston, MA 02110__
TELEPHONE NO. __617-406-6000__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sovereign Bancorp, Inc., Sovereign Bank, Seacoast Financial Services Corp., and Compass Bank for Savings

## DEFENDANTS
John H. Harland Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Decatur, GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John W. Steinmetz
Robinson + Cole LLP
One Boston Pl. Boston, MA 02180   617-557-5900

**ATTORNEYS (IF KNOWN)**
Bruce E. Falby
Piper Rudnick LLP
One International Place, Boston, MA 02110

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine / ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §1441, 28 U.S.C. §1446

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** greater than $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** 7/22/04
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____