

**John H. Harland Company**
Sarah King Bowen
Vice President and General Counsel
Printed Products Division

**VIA RECEIPTED DELIVERY SERVICE**

July 29, 2004

Ms. Carolyn Burnham, EVP
Compass Bank
One Compass Place
New Bedford, MA 02740

    Re:    Notice of material default of Check Products Purchase Agreement (the "Checks Agreement") made and entered into October 7, 2002 by and between John H. Harland Company ("Harland") and Compass Bank, predecessor in interest to Sovereign Bank ("Buyer")

Dear Ms. Burnham:

    It is our understanding that on July 23, 2004, Compass Bank merged with and into Sovereign Bank with Sovereign Bank being the surviving corporation and Compass Bank's corporate existence ceased. As a result, Sovereign Bank and its affiliates are obligated to fulfill all obligations and duties as "Buyer" under the Agreement, both as a matter of corporate law, and pursuant to § 14.1 of the Checks Agreement. As you know, one of Buyer's primary obligations is that "Buyer . . . purchase from Harland all of its requirements of the total volume of check products . . ordered by or through Buyer and all its branches and affiliates. ." Checks Agreement § 2.1.

    Pursuant to Section 12.1 of the above-referenced Agreement, Harland hereby provides you with notice of material default in the performance of Buyer's material duties and obligations under the Agreement. Harland hereby demands that Buyer substantially cure such material defaults as specified below within the 90 days period provided under Section 12.1 of the Agreement. The material defaults are as follows:

    1.    From and after the close of business on July 23, 2004, Sovereign Bank has ceased purchasing from Harland its orders for check products for the former Compass Bank branches and therefore is in material default of the Agreement.

    2.    From and after July 23, 2004, Sovereign Bank failed to purchase its requirements of check products from Harland, and therefore is in material default of the Agreement.

    3.    On or about April 29, 2004 the former Abington Bancorp, Inc. became an affiliate of the former Compass Bank. As such, the check orders for such affiliated entity should have been converted to Harland. In any event, as a result of the July 23, 2004 merger by which the former Abington branches became affiliated with Sovereign Bank, Sovereign Bank became obligated to transfer that business to Harland. As of the date hereof, such orders have not been converted to Harland.

2939 Miller Road    Decatur, GA 30035    PH (770) 593-5426    FAX (770) 593-5619

**EXHIBIT 9**

Ms. Carolyn Burnham
July 29, 2004
Page 2

      Each of these events constitutes a material default under the Agreement, and, pursuant to Section 12.1 of the Agreement, we are providing you with 90 days to cure these material defaults. In the event these defaults are not cured within the 90 day cure period, Harland will be entitled to terminate the Agreement pursuant to its Section 12.1, and seek damages from Sovereign Bank.

                Sincerely,

                Sarah King Bowen
                Vice President and General Counsel
                Printed Products Division

cc:    Mr. John Stefanowicz
       Senior Counsel
       Sovereign Bank
       MC 20-536-C01
       One Aldwyn Center
       E. Lancaster Avenue and Aldwyn Lane
       Villanova, Pennsylvania 19085-0608

       Mr. Gary A. Deutsch
       Senior Counsel
       Sovereign Bank
       MC 11-900-LG2
       1130 Berkshire Blvd.
       Wyomissing, PA 19610

       Mr. Robert C. Khayat, Jr., Esq.

**EXHIBIT 9**