EXHIBIT B

LEXSEE 182 GA. APP. 784

HALLEY v. HARDEN OIL COMPANY

No. 74467

Court of Appeals of Georgia

*182 Ga. App. 784; 357 S.E.2d 138; 1987 Ga. App. LEXIS 1814*

April 22, 1987, Decided

**SUBSEQUENT HISTORY:** [***1]

Rehearing Denied May 1, 1987.

**PRIOR HISTORY:**
Action on lease. Jackson Superior Court. Before Judge Brooks.

**DISPOSITION:**

*Judgment affirmed with direction.*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant purchaser appealed the order of the Jackson Superior Court (Georgia), which, by a jury verdict, granted appellee oil company judgment on the oil company's suit for damages under a purported lease or a return of certain monies.

**OVERVIEW:** The purchaser bought a service station from the previous owner. Prior to the sale, the previous owner had entered into a purported lease agreement with the oil company that leased the property for a 10-year period and paid $ 6,000 in advance, and the previous owner was required to purchase gas from the oil company. The purchaser signed a similar agreement with the oil company after the sale and received $ 5,000 for improvements from the oil company. A few years later, the purchaser began to obtain gas from a cheaper supplier and the oil company brought suit for breach of lease or a return of a pro rata share of the $ 67000 rent and a return of the $ 5,000, and return of certain service station equipment. The jury awarded the oil company $ 8,300 in damages and the purchaser appealed. The court found that the lease between the oil company and the previous owner did not bind the purchaser. Further, the court found that the agreement was an exclusive dealings contract and was unenforceable for lack of mutuality. Accordingly, the oil company was only entitled to receive the $ 5,000 it had provided for renovations.

**OUTCOME:** The court affirmed the order of the trial court, which granted judgment for the oil company, but modified it to the maximum award of $ 5,000.

**LexisNexis(R) Headnotes**

*Contracts Law > Types of Contracts > Output & Requirements Contracts**Contracts Law > Types of Contracts > Bilateral Contracts*
[HN1] An "exclusive dealings" contract under *Ga. Code Ann. § 11-2-306*, is unenforceable for lack of mutuality where there is no obligation whatsoever imposed upon the supplier to sell to the purchaser.

**COUNSEL:**

*Edmund A. Waller*, for appellant.

*Dan A. Aldridge, Jr.*, for appellee.

**JUDGES:**

Deen, Presiding Judge. Birdsong, C. J., and Pope, J., concur.

**OPINIONBY:**

DEEN

**OPINION:**

[*784] [**138]

On June 23, 1981, the appellant, Jack Halley, purchased from Larry Edwards a tract of land upon which was located a service station and grocery store. On March 21, 1980, Edwards had entered into a purported lease agreement with the appellee, Harden Oil Company. Under that agreement, (1) Harden Oil Company "leased" the premises for a ten-year period and paid $ 6,000 rental in advance; (2) Edwards retained possession, use, and responsibility for maintenance of the property; and (3) Edwards was required to purchase gasoline exclusively from Harden Oil Company. The lease contained no price or quantity terms, nor any obligation on the part of Harden Oil Company to sell gasoline to Edwards. This purported lease was never recorded, but the evidence was conflicting over whether Halley actually knew of it before he purchased the property from Edwards. [***2]

Shortly after the purchase Willis Harden approached Halley's son who was working at the store, and had him sign the same lease agreement that Edwards had signed. Halley thereafter approached Harden, seeking a contribution on the renovation of the service station, including repaving and converting the pumps to self-service. Harden eventually agreed to provide $ 5,000, at [**139] which time he remarked, "Jack, I'm going to give you this check and I'm not going to require any additional lease, because I've already got eight years to go on the one I've got and I don't really need any more." Halley silently accepted the check.

Halley continued to buy gasoline exclusively from Harden Oil Company until May 1984, when he began obtaining his gasoline at a better price from an independent distributor. Harden Oil Company subsequently commenced this action, seeking damages for the breach of the lease, or, in the event the lease was not enforceable, return of a [*785] pro rata share of the $ 6,000 that had been paid to Larry Edwards and return of the $ 5,000 paid to Halley, and return of some service station equipment owned by Harden Oil Company. There was no dispute that Harden [***3] Oil Company was entitled to the personal property in question, and the trial court directed a verdict to that extent. Following the trial court's denial of Halley's motion for directed verdict, the jury awarded Harden Oil Company $ 8,300 in damages, and this appeal resulted. *Held*:

The agreement between Larry Edwards and Harden Oil Company, despite its denomination as a lease, constituted neither a lease nor a covenant running with the land, and thus, without more, was not binding upon Halley. Cf. *Copelan v. Acree Oil Co., 249 Ga. 276 (290 SE2d 94) (1982)*. Moreover, the agreement between Edwards and Harden Oil Company, which more correctly would be classified as [HN1] an "exclusive dealings" contract under *O.C.G.A. § 11-2-306*, was actually unenforceable for lack of mutuality, since there was no obligation whatsoever imposed upon Harden Oil Company to sell gasoline to Edwards (or Halley). See *Billings Cottonseed v. Albany Oil Mill, 173 Ga. App. 825 (328 SE2d 426) (1985)*. Accordingly, even if Halley was aware of the purported lease prior to his purchase of the property, and even if Halley meant to assume Edwards' position and obligation under that agreement, neither eradicates [***4] the determinative fact of the unenforceability of that contract.

Nevertheless, since it was uncontroverted that Harden Oil Company contributed $ 5,000 to Halley's renovation of the service station in reliance upon the existence, validity, and affirmation of the lease agreement, Halley is not entitled to retain that money, because of that "naked and changeless equity which forbids that one man should retain the money of his neighbor, for which he paid nothing, and for which his neighbor received nothing: an equity which is natural -- which savages understand -- which cultivated reason approves, and which Christianity not only sanctions, but in a thousand forms has ordained." *Culbreath v. Culbreath, 7 Ga. 64, 67 (1849); Reid v. Hemphill, 82 Ga. App. 391 (2) (61 SE2d 201) (1950)*. (Harden Oil Company may not recover from Halley any of the $ 6,000 that was "had and received" only by Edwards.) The jury award for money damages is sustainable to that extent only, i.e., $ 5,000, and the verdict in excess of that amount must be stricken; otherwise, the judgment must be reversed.

*Judgment affirmed with direction.*