UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEREIGN BANCORP, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN H. HARLAND COMPANY,<br><br>Defendant. | Civil Action No. 04-11631-EFH |

**PLAINTIFFS' MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to FED.R.CIV.P. 15(a), Plaintiffs hereby move for leave to file an Amended Complaint (attached as **Exhibit A**). In support of their motion, Plaintiffs hereby state as follows:

1.  Plaintiffs have brought their action seeking declarations pursuant to M.G.L. c. 231A regarding the validity, enforceability and terms of the Checks Agreement, as well as multiple damages and attorneys' fees for Harland's unfounded, bad faith demands and tortious interference with Plaintiffs' advantageous business relations. The Amended Complaint (i) includes an additional count seeking a declaration that the Checks Agreement at issue in this matter is void and unenforceable for lack of mutuality, (ii) references the fact that the Merger described in the initial complaint closed on July 23, 2004, and (iii) adds some additional specificity to the claims in Plaintiffs' initial complaint, but does not materially alter the Plaintiffs' initial pleading.

2.      It is well established that amendments to pleadings should be freely allowed when the interests of justice so require. FED.R.CIV.P. 15(a); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971); Foman v. Davis, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); Farrell v. Hollingsworth, 43 F.R.D. 362 (D.S.C. 1968). It is equally well-settled that the grant of leave to amend a pleading rests within the sound discretion of the Court. Zenith, *supra* at 330. In exercising its discretion, the Court should grant leave to amend where, as here, such leave would neither cause prejudice nor undue delay to the court or litigants, and where the amendment is not futile. Table Talk, Inc. v. Table Talk Pie Distributors of Poughkeepsie, Inc., 49 B.R. 485, 486-89 (Bankr. D.Mass. 1985).

3.      In the present matter there has been no undue delay, and Defendant will not be prejudiced by Plaintiffs' filing of its Amended Complaint as this action is in its earliest stages. This lawsuit was commenced on July 1, 2004 in Massachusetts state court, and Defendants, after removing this action to federal court on July 22, 2004, filed an Answer and Counterclaims on July 29, 2004. An initial Scheduling Conference is scheduled to occur on October 6, 2004. No discovery has taken place, and the parties have not yet made their initial disclosures, filed their Rule 16.1 Certifications, or made their Rule 16.1 Joint Statement. The proposed Amended Complaint therefore will not prejudice Defendant and will not cause any undue delay in this matter.

4.      Furthermore, the additional count to the proposed Amended Complaint is not futile; rather, it will serve the interests of judicial efficiency by more narrowly and precisely defining the disputed issues in this matter. Each of Defendant Harland's counterclaims is based upon the alleged validity of a purported "Checks Agreement" between itself and Compass Bank for Savings ("Compass"). The purported Checks Agreement, however, lacks mutuality of

obligation, and is therefore invalid and unenforceable as set forth in the count added to the Amended Complaint and as explained more fully in Plaintiffs' Memorandum of Law in Support of its Motion to Dismiss Defendant's Counterclaims (attached as **Exhibit B**), which is incorporated herein by reference. Specifically, the Checks Agreement is void and unenforceable under applicable law as it is an alleged requirements agreement that does not obligate the Defendant to meet Compass' requirements. See, e.g., Halley v. Harden Oil Company, 182 Ga. App. 784, 785 (1987) (declaring a purported requirements agreement unenforceable for lack of mutuality since there was no obligation imposed upon seller to meet buyer's requirements).

5.  Finally, the Amended Complaint updates the initial complaint with respect to the current legal existence of former parties to this matter, Compass and Seacoast Financial Services Corp. ("Seacoast"). The Merger which resulted in the cessation of Compass and Seacoast as legal entities consummated subsequent to the date on which the Plaintiffs' filed their initial complaint. The Amended Complaint addresses this development. As Compass and Seacoast ceased to exist as of the Merger, they have been removed from the caption of the Amended Complaint as named plaintiffs.

**WHEREFORE**, the Plaintiffs respectfully move for leave to file an Amended Complaint, and request that the Amended Complaint at **Exhibit A** be deemed filed upon the granting of this motion.

Respectfully submitted,

**SOVEREIGN BANCORP, INC., ET AL.**

By their attorneys,

/s/ Lee M. Holland
Steven B. Rotman, Esq. (BBO# 558473)
John W. Steinmetz, Esq. (BBO# 568108)
Paula S. Bliss, Esq. (BBO# 652361)
Lee M. Holland, Esq. (BBO# 650617)
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

Dated: August 31, 2004

## LOCAL RULE 7.1 (A) (2) CERTIFICATION

I, Lee M. Holland, counsel for Plaintiffs Sovereign Bancorp, Inc., et al., hereby certify that I have conferred with Steven Buttacavoli, counsel for defendant, John H. Harland, in a good faith effort to resolve and narrow the matters at issue concerning Plaintiffs' Motion for Leave to File Amended Complaint and, despite their good faith efforts, the parties were unable to reach an agreement.

/s/ Lee M. Holland
Lee M. Holland, Esq. (BBO# 650617)

4

## CERTIFICATE OF SERVICE

I, Lee M. Holland, hereby certify that on this 31st day of August 2004 a copy of the foregoing was faxed and mailed, postage prepaid, to:

Bruce E. Falby, Esq.  
Steven J. Buttacavoli, Esq.  
PIPER RUDNICK LLP  
One International Place  
21st Floor  
Boston, MA 02110  

Daniel J. King, Esq.  
James N. Gorsline, Esq.  
Robert C. Khayat, Jr., Esq.  
KING & SPAULDING LLP  
191 Peachtree Street  
Atlanta, GA 30303  

/s/ Lee M. Holland  
Lee M. Holland, Esq. (BBO# 650617)