## CONFIDENTIALITY AGREEMENT

CONFIDENTIALITY AGREEMENT made this 14th day of April 2004, between SOVEREIGN BANK, a federal savings bank ("Sovereign") and JOHN H. HARLAND COMPANY ("Harland"). Harland is party to a Check Products Purchase Agreement (the "Check Agreement") with Compass Bank ("Compass"). Sovereign has entered into an agreement and plan of merger with Compass's parent corporation ("Merger"), by which Sovereign would gain control over Compass. Sovereign and Harland desire to discuss the termination, renegotiation, amendment or other restructuring of the Check Agreement (the "Transaction"). In connection with the foregoing, a party (the "Receiving Party") may have access to confidential and proprietary technical, financial, business and other information (collectively "Information") of the other party and its affiliates (the "Disclosing Party").

NOW, THEREFORE, in consideration of the foregoing and such other consideration the parties acknowledge receiving, the parties intending to be bound, agree as follows:

1. The Receiving Party agrees to: (a) keep the Information of the Disclosing Party confidential and secure; (b) restrict disclosure of such Information solely to its officers, employees, affiliates, agents, consultants and other third parties with a need to know such Information for purposes of the business dealings between the parties, the Transaction or Merger (the persons to whom disclosure is permissible being collectively called "Representatives"); (c) not disclose to any other person or copy such Information without the approval of the Disclosing Party; and (d) inform the Representatives of the confidential nature of such Information and obtain their agreement to the obligations herein set forth.

2. The obligations imposed in this agreement do not apply to Information: (a) which is made public by the Disclosing Party; (b) which rightfully becomes generally available to the public; (c) which is rightfully received from a third party without restriction and without breach of this agreement; or (d) which is independently developed by the Receiving Party without any reference to the Information of the Disclosing Party. Furthermore, exchanges of Information in connection with the Transaction shall not (i) be deemed an admission by the Disclosing Party, (ii) be admissible in any proceeding, or (iii) waive any attorney-client or work product privilege or other privilege that is otherwise applicable.

3. Without the other party's written permission, neither party shall make any public announcement regarding the negotiations or business relationship between the parties contemplated hereunder, or disclose the existence or terms of this agreement, except as required by law.

4. The Information of the Disclosing Party and all notes, abstracts, memoranda, or other documents or media which contain Information of the Disclosing Party or any discussion thereof, shall be destroyed or returned to the Disclosing Party upon written request of the Disclosing Party. No disclosure of any Information hereunder shall be construed a public disclosure of such Information by either party.

5. In the event that the Receiving Party or any of its Representatives become legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to disclose any Information of the Disclosing Party, the Receiving Party shall provide the Disclosing Party with prompt prior written notice of such requirement so that the Disclosing Party may seek a protective order or other appropriate remedy.

6. The furnishing of Information hereunder shall not obligate either party to enter into any further agreement or negotiation with the other or to refrain from entering into an agreement or negotiation with any other person.

7. The termination of any agreement or business relationship between, or involving both Harland and Sovereign, shall not relieve Harland or Sovereign of its obligations with respect to Information disclosed pursuant to the terms of this agreement. The Receiving Party shall be liable for breaches of this agreement by its Representatives.

8. The parties acknowledge and agree that any breach or threatened breach of any of the provisions hereunder will result in immediate and irreparable harm to the Disclosing Party's business interests and that remedies at law in such event will be inadequate. The Disclosing Party shall therefore have the right to seek immediate injunctive relief against such breach. This right shall, however, be in addition to and not in lieu of any other remedies at law or in equity.

9. This agreement contains the entire understanding of the parties and supersedes all prior agreements and understandings between them with respect to the subject matter in this agreement. No amendment of this agreement may be made or rider added except in writing duly signed by Sovereign and Harland. A fax copy of this agreement and signature shall have the same effect and be legally enforceable as an originally executed agreement. This agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania without regard to conflicts of law principles. Limitations of

EXHIBIT 3

JUL-26-2004 MON 07:25 AM HARLAND LEGAL　　　　　　　FAX NO. 7705935619　　　📠003/005
05/07/2004 FRI 14:56 FAX 96102086126 STRATEGIC MARKETING　　Filed 10/05/2004　Page 2 of 2

APR-27-2004 TUE 11:57 AM HARLAND LEGAL　　　　FAX NO. 7705935619　　　P. 03

liability or damages in any other agreement(s) between the parties shall not apply to the extent of any breaches of or liability arising under this agreement.

10. Except for a transfer to a successor, neither Harland nor Sovereign shall, without the prior written consent of the other party, assign this agreement. An assignment in violation of this Section 10) shall be null and void.

11. As used in this agreement, the term "affiliate" shall mean with respect to a party hereto any other person at any time now or hereafter controlling such party, or controlled by or under common control with such party and the term "person" includes any individual or corporation, partnership or other entity.

Accepted and agreed as of the date set forth above.

| SOVEREIGN BANK | JOHN H. HARLAND COMPANY |
|---|---|
| By: [signature] | By: [signature] |
| Name: Dawn Hammond | Name: [illegible] |
| Title: VP, Fee Mgmt. | Title: Vice President |

**EXHIBIT 3**