# ROBINSON & COLE LLP

JOHN W. STEINMETZ

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jsteinmetz@rc.com
Direct (617) 557-5918

---

*Via Facsimile and U.S. Mail*

July 22, 2004

Daniel J. King, Esq.
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763

Re:   **Termination of Check Products Purchase Agreement**
      **between John H. Harland Company and Compass Bank**

Dear Mr. King:

     I am writing in response to your July 21, 2004 letter to me regarding the termination of the Checks Products Purchase Agreement (the "Checks Agreement"), entered into on October 7, 2002, by and between John H. Harland Company ("Harland") and Compass Bank ("Compass"). In your letter, you take the position that Compass's termination of the Checks Agreement is of no legal effect, and that Compass will be liable to Harland if Harland is not permitted sufficient time to wind down operations under the Checks Agreement. Compass disputes each of these contentions.

     As set forth in the Complaint in the matter of <u>Sovereign Bancorp, Inc., et al. v. John H. Harland Company</u>, Massachusetts Superior Court (Bristol County), Docket No. 2004-732 (the "Lawsuit"), Harland materially breached the Checks Agreement by demanding that Compass pay millions of dollars not due under the Checks Agreement and by tortiously interfering with Compass's advantageous business relationships. Such a material breach cannot be cured, and thus terminated the Checks Agreement.

     Moreover, even assuming, *arguendo*, that Harland's conduct described above did not terminate the Checks Agreement (which Compass disputes), Compass has a right to terminate the Checks Agreement under Section 12.2 of the Agreement:

          12.2    As a material inducement to Harland to offer to Buyer wholesale prices discounted from

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

SARASOTA

*www.rc.com*    BOST1-833538-1

**EXHIBIT 7**

# ROBINSON & COLE LLP

Daniel J. King, Esq.
July 22, 2004
Page 2

---

Harland's list price during the term hereof, Buyer has agreed to use Harland as its primary supplier of check products pursuant to Section 2 of this Agreement. Notwithstanding any other provision hereof, in the event this Agreement is ***terminated for any reason*** (other than pursuant to Section 12.1 for a uncured breach by Harland), or if Buyer breaches the provisions of Section 2, Buyer shall ***repay*** to Harland the unearned discounts granted to Buyer. The unearned discount for Check Products shall be the aggregate difference between the wholesale price ***actually charged*** to Buyer and Harland's list prices (as adjusted from time to time). Buyer's obligation to ***repay*** the unearned discounts shall be in addition to any other remedies available to Harland ***hereunder***.

(Emphasis added.) There are no other remedies available to Harland under the Checks Agreement. Indeed, Section 10.1 of the Checks Agreement provides (as drafted by Harland) that:

> 10.1    Notwithstanding any other provision of this Agreement, neither Harland nor Buyer shall be liable to the other for special, indirect, consequential or punitive damages, even if the parties have knowledge of the possibility of such damages.

Thus, the amounts owed to Harland under the Checks Agreement, if any, cannot exceed the unearned discounts actually granted to Compass to date under the Checks Agreement. The purported "wind down" damages asserted in your letter are expressly excluded under Section 10.1 of the Checks Agreement.

Your assertion that Compass is not acting in good faith under the Checks Agreement is also unfounded. Indeed, Compass is complying with the express provisions of the Checks Agreement as drafted by your client, Harland.



**EXHIBIT 7**

# ROBINSON & COLE LLP

Daniel J. King, Esq.
July 22, 2004
Page 3

       As explained in my July 20, 2004 letter to Harland, the Checks Agreement is terminated as of the close of business today.  Please do not hesitate to call if you would like to discuss this matter further.

Sincerely,

*John W. Steinmetz*

John W. Steinmetz

JWS/caw

**EXHIBIT 7**